## Schwartz v. Continental Insurance Company.

*Practice, C. P.—Motion to strike off pleading—Time—Act of May 23, 1923.*

1. The provision of the Act of May 23, 1923, P. L. 325, that a motion to strike from the record a pleading must be made within fifteen days after a copy of the pleading shall have been served upon the opposite party or his attorney, is mandatory and must be strictly complied with.

2. Where plaintiff's reply is filed without leave of court and a motion is made to strike it off on the eve of the trial on the ground that it is really an amendment to the statement and that if allowed to stand it will change the cause of action, such question can be disposed of on the trial.

Rule to strike plaintiff's reply from record. C. P. Northampton Co., June T., 1925, No. 127.

*Russell C. Mauch* and *Kent & Rockwell,* for plaintiff.

*Kirkpatrick, Maxwell & Chidsey* and *Horace M. Schell,* of the Philadelphia Bar, for defendant.

STEWART, P. J., Oct. 10, 1927.—This is a motion to strike plaintiff's reply from the record. The grounds of the motion are that the reply, in its averments, does not conform to the Practice Act, that the defense set out in the affidavit of defense was not new matter, and, therefore, no reply was necessary; and that the reply itself is an amendment to the plaintiff's statement of claim, which seeks to change the cause of action after the limitation of time for bringing suit set forth in the policy. The statement of claim was filed on May 25, 1925. It avers that the fire occurred on Nov. 25, 1924, and that notice of the destruction of the building was given to the defendant on Jan. 20, 1925. Defendant filed its affidavit of defense on June 10, 1925, and in it defendant admitted that it received notice of plaintiff's loss on Jan. 20, 1925, but defendant averred that notice received fifty-six days after the fire was not the "immediate notice" contemplated by the terms of the policy. The case then rested almost two years, until May 7, 1927, on the eve of the day the case was listed for trial, when plaintiff filed this reply. The record does not show that the reply was served on the defendant or its attorneys of record, but they knew its contents when they asked for a continuance. Defendant asked for a continuance on the ground of surprise, and, quoting from their

brief, "on the ground that we would ask for a rule to strike off plaintiff's replication." The rule to strike off was not moved for until Sept. 20, 1927. The learned counsel for the defendant, realizing that they were too late under the provisions of the Act of May 23, 1923, P. L. 325, referred in the brief as an excuse for their delay to "the attitude of counsel for both sides and the understanding with Your Honorable Court." So far as the court is concerned, there was no understanding. The matter before the court was the continuance of the case, and it was granted on the ground of surprise, and, in our judgment, the present rule should have been asked for immediately and disposed of before the summer vacation. We held in Wimmer *v.* Kendall, 20 Northamp. Co. Repr. 220, that a motion to strike from the record a pleading must be made within fifteen days after a copy of the pleading shall have been served upon the opposite party or his attorney, and we think the delay in the present case has been too great. This case is on the trial list for next week. The present matter was argued last Monday, and this decision will be handed down upon the day that the case, in all probability, will be called for trial. So far as the preparation of the case is concerned, it must have been made without any reference to this decision. The argument of the learned counsel for the defendant that the reply should be stricken off on account of plaintiff's gross laches in filing the same would have had greater force if made at the May Term of court and if the defendant had signified its willingness to go to trial at once if the reply had then been stricken off. Speaking generally, there should be a court rule limiting the time in which plaintiff's reply could be filed. In the present case, plaintiff's reply was, no doubt, filed because of the Act of March 30, 1925, P. L. 84, with the thought that the affidavit of defense set up "new matter." This latter act has been discussed in the cases of Oak Lane Country Day School *v.* Fidelity-Phenix Fire Ins. Co., 8 D. & C. 35; Oak Lane Country Day School *v.* Virginia Fire and Marine Ins. Co., 8 D. & C. 194, and Reichard *v.* Insurance Co. of the State of Penna., 8 D. & C. 275. All of these cases were actions against fire insurance companies, and we think that the considerations advanced by President Judge Niles in the last case cited should govern in this case. If the paper labeled "replication" was filed simply to avoid admitting the truth of defendant's "new matter," defendant will not be prejudiced on the trial. If the "replication" on the trial is sought to be considered by the plaintiff as an amended statement and the defendant then considers that it changes the cause of action, that matter can be disposed of on the trial. In the leading case of Grier Bros. *v.* Northern Assurance Co., 183 Pa. 334, which is by far the best discussion of the general subject and should be studied, on page 342, Mr. Justice Green says: "The important question arises, can such an amendment be made or, if allowed, can it be enforced against the objection of the defendant after the expiration of the time for commencing an action on the policy? The learned court below refused the first point of the defendant on this subject because the amendment had been allowed and was, therefore, *res adjudicata.* It is very clear that if the amendment was improperly allowed, it gained no strength because of its allowance, and, therefore, the question was still an open one whether there could be any recovery notwithstanding the amendment had been granted." In the present case, no amendment was ever asked for or allowed, and the question whether the plaintiff is attempting to shift his ground or whether he must be confined to the position presented by the statement of claim and the affidavit of defense is one to be determined on the trial.

And now, Oct. 10, 1927, rule to strike off plaintiff's reply is discharged.

From Henry D. Maxwell, Easton, Pa.